UNITED STATES DISTRICT COURT	SOUTHERN DISTRICT OF TEXAS

PHILLIP E. HEACOCK, §
 §
          Plaintiff, §
versus §         CIVIL ACTION H-06-1034
 §
ASSURANT HEALTH FOUNDATION, *et al.*, §
 §
          Defendants. §

# Opinion on Summary Judgment

1. *Introduction.*

A cancer patient sues an insurance company to recover medical expenses. The insured's expenses are due to a pre-existing condition as defined in the policy and are not covered. The insurance company has moved for summary judgment and will prevail.

2. *Background.*

Phillip Heacock is a 32 year-old student of business at Rice University. He is athletic and has no history of cancer. He bought two, six-month, health insurance policies from Fortis Insurance Company. It had become Assurant Health Foundation by the time this suit started, and it is now known as Time Insurance Company.

In March 2004, Heacock first noticed a lump and had pain on his right collarbone. In December, after the mass had steadily grown, he scheduled an appointment with John Burpeau, M.D., for January 10, 2005. On the day of his appointment, he was not covered by a policy from Time and bought a new one. It took effect on January 11, the day after his appointment.

Burpeau gave him Aleve and recommended returning if the pain and lump did not disappear. Also, he recommended his seeing Dean Smith, an orthopedist. Smith examined Heacock on March 3 and found that the lump was possibly cancerous. He referred him to Christopher Cannon at the M.D. Anderson Cancer Center.

In April, Cannon diagnosed Heacock with B-cell lymphoma. He underwent tests and chemotherapy. He submitted his bills to Time. Time denied his claims under the policy's limitations on pre-existing conditions. At the time of his chemotherapy, he was covered under the short-term policy that had begun January 11.

Time concluded that the cancer was a pre-existing condition. Heacock disagrees.

3.   *Condition.*

Heacock let his health insurance lapse and was not insured at the time of his appointment with Burpeau on January 10, 2005. He saw Burpeau because a mass on his collarbone appeared in March 2004. The mass was diagnosed in April 2005 as cancer. Under these facts, the cancer is a pre-existing condition as defined in the policy.

A health insurance policy is a contract. Heacock's contract with Time contains two definitions of a pre-existing condition, and his cancer satisfies both. First, the contract defines pre-existing condition as "a medical condition . . . for which the insured received medical treatment or advice." (Def.'s Mot. for Summ. J. Ex. A at 8.). Heacock had a mass, received Aleve, and was advised to either come back later or visit Smith.

4.   *Symptoms.*

Second, a pre-existing condition is defined in the policy as "a medical condition . . . that produced signs or symptoms within the 5-year period." The signs or symptoms "should have caused an ordinarily prudent person to seek diagnosis or treatment." Heacock sought treatment for a mass by going to Burpeau. *Id.*

The cancer produced symptoms in the 5-year period before the policy took effect. Heacock noticed a mass and pain in March 2004, nine months before the policy took effect. Even though he declares to the Court that the lump formed in September 2004, his medical records state March 2004. This is a misrepresentation of fact, if not attempted insurance fraud. In either case, the mass formed within the time period.

5.   *Diagnosis.*

Before a condition can be pre-existing, the insured insists, the symptoms must have been diagnosed conclusively. The policy's language, however, requires only that the insured develop symptoms. The medical etiology need not have been discerned because the policy excludes the consequences of a *sign*, *symptom*, or *condition* rather than exclude particular diseases.

Further, the insured theorizes that any symptom consistent with a final diagnosis will lead to a denial. He tries to argue that a minor discomfort such as a headache will cause the denial of a claim for a major health problem such as a brain tumor. This is wrong. Only the definition of a pre-existing condition determines whether a denial is appropriate. A symptom must fit the legal definition in the contract.

6. *Restricted.*

The insured bought a policy that was highly restricted. He chose a short-term policy. Carriers have learned that with this type of policy they are exposed to the moral hazard of insureds who either have been careless with their health or who are buying coverage in the face of a probable claim. Heacock bought a low-cost, short-term policy, and it came with restrictions.

He did exactly what the carrier had anticipated someone might do: acquire the policy on the way to the doctor for a nine-month old lump on his collar bone. Now, the carrier has rejected the claim for the very symptom that motivated him to see the doctor and buy insurance.

7. *Equity.*

Heacock is not a consumer for whom Texas has a policy of solicitude. He is an engineer who practiced for several years and who has returned to a prestigious, private university for a master's of business. He made a conscious choice to buy this type of policy and to pay the modest premium required.

Heacock has used statements from his initial two physicians, John Burpeau and Dean Smith. They conclude that the lump was not a pre-existing condition without considering the standard in the policy or articulating the standard they used. Burpeau even fails to mention his January examination. Doctors who make gratuitous assertions about contracts and facile ones about medicine abet their clients in cheating the insurance companies.

8. *Conclusion.*

Heacock's cancer existed as a condition according to the policy's definition. He received treatment and advice in the five years before the policy, and he had symptoms that caused him to see a doctor. A pre-existing condition is not covered by the policy, so his claim was properly denied. His extra-contractual causes of action fail because his claim was properly denied.

Heacock will take nothing from Time Insurance Company.

Signed June 20, 2006, at Houston, Texas.

_____
Lynn N. Hughes  USDJ
United States District Judge